UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BRITTANY NICOLE CAMERON, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Civil Action No. 5:25-cv-16-CLS |
| HUNTSVILLE HOUSING AUTHORITY, ) ) ) ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

Brittany Nicole Cameron initially commenced this action as a *pro se* plaintiff. Doc. no. 1 (Complaint for Employment Discrimination). She simultaneously asked the court to allow her to proceed without prepayment of fees or costs, and also for appointment of counsel. Doc. no. 2. The court denied the request to proceed *in forma pauperis*, but appointed Jeffrey R. McLaughlin to act as plaintiff's attorney. Doc. no. 3.

An amended complaint was filed by appointed counsel on April 1, 2025 (doc. no. 4), and that document now is the operative pleading. It alleges claims of a racially hostile work environment (Counts I and II) and retaliation (Counts III and IV) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, as well as a claim of "wrongful termination" (Count V). The

following opinion addresses defendant's motion to dismiss all of plaintiff's claims. Doc. no. 10.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff's factual allegations are few. She alleges that, beginning in June of 2022, she was employed by defendant, Huntsville Housing Authority, as a "Housing Choice Voucher Family Self-Sufficiency Coordinator."[1] Approximately fifteen months later, during September of 2023, she and an unnamed white co-worker engaged in a "verbal exchange" — presumably, an argument.[2] Plaintiff orally reported the incident to her supervisor and defendant's Director of Human Resources, but she did not file a formal grievance.[3] Those individuals did not act on plaintiff's complaint.[4]

A month later — *i.e.*, in approximately October of 2023 — plaintiff began reporting to a different supervisor, who is a black female.[5] Plaintiff told her new supervisor that, following the September 2023 "altercation" with her white co-worker, plaintiff believed that she had been discriminated against because of her race

---

[1] Doc. no. 4 (Amended Complaint) ¶ 4.
[2] *Id.* ¶ 6.
[3] *Id.* ¶ 7.
[4] *Id.*
[5] *Id.* ¶ 8.

2

(which is not specified in the amended complaint).[6]

Thereafter, plaintiff perceived a change in her working conditions. Specifically, she alleges that:

> [s]he was moved to an office which was not comparable to that of her coworkers (after having purchased her own moving supplies and waiting far longer than her other coworkers to move into a new building), given unreasonable deadlines, left out of important planning updates on a work trip, and otherwise harassed and/or discriminated against.

Doc. no. 4 (Amended Complaint) ¶ 9. On some unspecified date(s), plaintiff reported the foregoing complaints to unnamed "supervisors, management, and the Executive Director of the Huntsville Housing Authority."[7] She was asked to document her complaints in writing, and she did so.[8]

Following documentation of her complaints, plaintiff received "multiple baseless disciplinary actions."[9] Ultimately, her employment was terminated sometime during June of 2024.[10]

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, and received a "Notice of Right to Sue" on October 28,

---

[6] *Id.*

[7] Doc. no. 4 (Amended Complaint) ¶ 10.

[8] *Id.* ¶¶ 11 & 12.

[9] *Id.* ¶ 12.

[10] *Id.* ¶ 13.

3

2024.[11]  This suit followed.

## II. STANDARD OF REVIEW

The relevant portion of Federal Rule of Civil Procedure 12 permits a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  That rule must be read together with Rule 8(a), which requires that a pleading contain only a "*short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis supplied).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S. at 555].  Nor does a complaint suffice if it tenders "naked assertion[s] devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss [founded upon Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The

---

[11] *Id.* ¶ 14.

plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 555 (Although for the purposes of a motion to dismiss we must take all factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 409 F.3d at 157-58. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, second and fourth alterations in

original, other alteration supplied).

## III.  DISCUSSION

### A.  Racially Hostile Work Environment (Counts I and II)

Plaintiff's amended complaint alleges that she was subjected to a racially hostile work environment in contravention of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (Count I), and 42 U.S.C. § 1981 (Count II).[12]  Claims of a racially hostile work environment based upon those statutory

---

[12] Section 1981 provides that:

**(a) Statement of equal rights**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

**(b) "Make and enforce contracts" defined**

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**(c) Protection against impairment**

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981.

provisions are analyzed under the same analytical framework. *See Lewis v. City of Union City*, 918 F.3d 1213, 1220 n.5 (11th Cir. 2019) (citing *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998), *abrogated on other grounds by Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006)).

In order to state a hostile work environment claim that is capable of being judicially heard and determined, the plaintiff must allege that: (1) she is a member of a protected group (*e.g.*, she is black, or of African heritage); (2) she was subjected to unwelcome harassment; (3) the harassment was based upon her protected status; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of plaintiff's employment; and (5) the employer is responsible for the racially-hostile work environment under a theory of either vicarious or direct liability. *E.g., Miller v. Kenworth of Dothan*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Defendant has pointed out numerous deficiencies in plaintiff's pleading of her hostile work environment claim — most glaringly, her failure to allege that she is a member of a protected group.[13] In response, plaintiff argues that the court should "consider the contents of the documents *referenced* in the complaint (Plaintiff's EEOC Complaint, *as well as items from Plaintiff's personnel file*) based upon the incorporation-by-reference doctrine . . . ." Doc. no. 15 (Response to Defendant's

---

[13] Doc. no. 11 (Brief in Support of Motion to Dismiss), at 1, 4-5.

Motion to Dismiss), at 2 n.1 (emphasis supplied).

As an initial matter, there are no "items from plaintiff's personnel file" contained in the record, and plaintiff did not attach any documents to her amended complaint. Even so, plaintiff did include *with her initial,* pro se *complaint* a copy of the charge of discrimination she filed with the Equal Employment Opportunity Commission. She describes herself in that document as "an African American woman."[14] Plaintiff urges the court to consider the statements contained in that document to be incorporated into her amended complaint. As a matter of law, however, the filing of an amended complaint supersedes the original complaint and its exhibits, and the original pleadings become a legal nullity that the court may not take into account. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (citing *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)). Accordingly, plaintiff's amended complaint failed to allege a critical element of her racially-hostile work environment claim.

Additionally, as defendant also observes, plaintiff's amended complaint does not contain factual allegations suggesting that she was subjected to harassment *based*

---

[14] Doc. no. 1 (Complaint for Employment Discrimination), at ECF 7. "ECF" is an acronym formed from the initial letters of the name of a case filing system that allows parties to file and serve documents electronically (*i.e.*, "Electronic Case Filing"). *See The Bluebook, A Uniform System of Citation*, Rule 7.1.4, at 21 (Columbia Law Review Ass'n *et al.* eds., 19th ed. 2010). When this court cites to pagination generated by the ECF header, it will, as here, precede the page number(s) with the letters ECF.

*upon her race.*[15]  Plaintiff provided no factual nexus between her race and her allegations that she was moved to what she considered to be an inferior office, had to purchase her own moving supplies, and waited "far longer" than co-workers to move to the new office space.  Likewise, she failed to show a connection between her race and the alleged imposition of "unreasonable deadlines," or exclusion from planning updates for a work trip.  Plaintiff provided no factual context from which the court can determine that she has stated a plausible, rather than merely a *possible*, claim of a racially hostile work environment.  *See Iqbal*, 556 U.S. at 679.  Even so, this court will exercise its inherent discretion to deny defendant's motion to dismiss plaintiff's racially-hostile work environment claims, and her appointed attorney will be afforded one opportunity to cure the deficiencies by filing a second amended complaint.

## B.     Retaliation (Counts III and IV)

To state claims for retaliation under either Title VII or § 1981, a plaintiff must allege:  (1) that she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal link between the protected activity and

---

[15] To the extent that defendant also contends that plaintiff has not demonstrated that the complained-of incidents were objectively severe or pervasive, "that is a finding that is more appropriately made at the summary judgment stage when discovery has been completed." *Poague v. Huntsville Wholesale Furniture*, 369 F. Supp. 3d 1180, 1194 (N.D. Ala. 2019).  Therefore, dismissal of plaintiff's claims of a racially hostile work environment on that basis is not warranted.

the adverse action. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) (Title VII); *see also Bryant v. Jones*, 575 F.3d 1281, 1307-08 (11th Cir. 2009) (elements of a retaliation claim under § 1981 same as those for Title VII retaliation claims).

Defendant contends that plaintiff has failed to allege a causal link between her protected activity and the termination of her employment.[16] Plaintiff argues that the temporal proximity between her protected activity (the written report of her complaints of discrimination provided to her supervisors at their request) and the disciplinary actions and ultimate termination of her employment are sufficient to allege circumstantial evidence of a causal connection.[17] However, plaintiff's amended complaint does not contain any factual allegations of the dates on which she engaged in protected activity, the dates on which she received disciplinary actions, or the date on which plaintiff's employment was terminated. Again, plaintiff's appointed attorney will be afforded one opportunity to cure the noted deficiencies by filing a second amended complaint.

## C. Wrongful Termination (Count V)

Plaintiff asserts a claim for "wrongful termination," but casts this claim in

---

[16] Doc. no. 11 (Brief in Support of Motion to Dismiss), at 11-13.

[17] Doc. no. 15 (Response to Defendant's Motion to Dismiss), at 8-9.

terms of the discrimination claims she has asserted.[18]  While termination of a plaintiff's employment may constitute an "adverse employment action" for purposes of her retaliation claim, it is not a separate theory under Title VII or § 1981.  Plaintiff has offered no other basis for the viability of that claim.  Accordingly, it is due to be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's claims of a racially hostile work environment (Counts I and II) and retaliation (Counts III and IV) under Title VII and § 1981 will be denied, but granted as to the claim of "wrongful termination" contained in Count V of the amended complaint.  Plaintiff will be directed to file an amended complaint addressing the deficiencies identified in this opinion.

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** this 21st day of July, 2025.

_____
Senior United States District Judge

---

[18] *See* doc. no. 4 (Amended Complaint) ¶¶ 46 & 47.